IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RACHEL MARIE MONTGOMERY RAY**, | Case No. 3:23-cv-233-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DZOGCHEN SHRI SINGHA FOUNDATION USA, INC**., ***et al.***, | |
| Defendants. | |

Gilion C. Dumas and Ashley L. Vaughn, DUMAS & VAUGHN LLC, 3835 NE Hancock St., Suite GL-B, Portland, OR 97212. Of Attorneys for Plaintiff.

Tracy M. McGovern and Travis A. Merritt, FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO, MCGOVERN PC, Larson Creek Professional Center, 2592 East Barnett Road, Medford, OR 97504. Of Attorneys for Defendants Sean Young, Shannon Young, Dzogchen Shri Singha Foundation USA, Inc., and Dzogchen Buddah Path International, Inc.

Kim E. Hoyt and Breanna L. Thompson, GARRETT HEMANN ROBERTSON PC, PO Box 749, Salem, OR 97308. Of Attorneys for Defendants Carrie Ure, Tim Bateson, Erik Jung, John Sullard, and Dzogchen Shri Singha of Portland.

**Michael H. Simon, District Judge.**

Plaintiff Rachel Marie Montgomery Ray (Ray) filed this case in Multnomah County

Circuit Court on or about December 30, 2022. Ray alleges claims for sexual battery, negligence,

and sex trafficking in violation of 18 U.S.C. §§ 1591 and 1595. Four defendants, Sean Young,

Shannon Young, Dzogchen Shri Singha Foundation USA, Inc., and Dzogchen Buddah Path

International, Inc. (the Young Defendants), three of whom are residents of Oregon, removed the case to this federal court. The Young Defendants asserted both diversity and federal question subject matter jurisdiction. The remaining defendants filed notices of joinder or consent in the removal at dates ranging from 2, 27, and 41 days after the filing of the Notice of Removal by the Young Defendants.

Before the Court is Plaintiff's motion to remand. Ray argues that removal based on federal question jurisdiction fails because Defendant Dzogchen Shri Singha of Portland (DSS Portland) did not timely join or consent to the removal.[1] Defendants respond that there is no statutory deadline to consent to removal, or if any applicable deadline was missed the defect could be cured.[2] Also before the Court is a motion by DSS Portland requesting an extension of time under Rule 6(b) of the Federal Rules of Civil Procedure to file its consent for removal. For the reasons that follow, the Court grants DSS Portland's motion for extension of time and denies Ray's motion to remand.[3]

---

[1] Ray also argued in her motion to remand that removal based on diversity jurisdiction is improper under the forum defendant rule, codified at 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The Young Defendants do not contest this portion of Plaintiff's motion to remand. ECF 26 at 2. Instead, they only rely on federal question jurisdiction to support removal.

[2] The remaining defendants join in the argument made by the Young Defendants in opposing remand. ECF 27, 28, 46, 48. Thus, the Court references these arguments as being made by "Defendants."

[3] Notwithstanding the parties' request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7 1(d)(1).

**STANDARDS**

Federal law requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant" of an initial pleading or service of a summons, "whichever period is shorter." 28 U.S.C. § 1446(b)(1). The law then provides:

> (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2). Section 1446(b)(2)(A) is called the "rule of unanimity."

**BACKGROUND**

The Young Defendants removed this case to federal court on February 15, 2023. In their Notice of Removal, the Young Defendants did not make any assertion about whether any other defendant consented to removal.

Removing defendants Sean Young and Shannon Young were served on January 21, 2023. Removing defendants Dzogchen Shri Singha Foundation USA, Inc., and Dzogchen Buddah Path International Inc. were served on January 24, 2023. Consenting defendant DSS Portland was served on January 23, 2023. Thus, DSS Portland is both a later-served defendant and an earlier-served defendant to the removing defendants. For purposes of the pending motion to remand, the Court considers DSS Portland to be an earlier-served defendant.

On February 17, 2023, Defendants Carrie Ure, Tim Bateson, Erik Jung, and John Sullard filed a notice of joinder in the Young Defendants' Notice of Removal. On March 14, 2023,

PAGE 3 – OPINION AND ORDER

Defendant Choying Rabjam filed a notice of joinder in the removal.[4] On March 16, 2023, Ray filed her Motion to Remand. On March 28, 2023, DSS Portland filed its consent to removal. On April 28, 2023, DSS Portland filed a motion for extension of time to consent to removal.

## ANALYSIS

### A. Timeliness of Consent as Filed

Ray contends that the Young Defendants' removal fails under the rule of unanimity because DSS Portland was served before the Young Defendants' filed their Notice of Removal but DSS Portland did not file a consent until 12 days after Ray's motion to remand, which was 41 days after removal and 64 days after DSS Portland was served. Ray notes that the Young Defendants made no statement of consent in their Notice of Removal.

The Ninth Circuit has "conclude[d] that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Because the Young Defendants did not include such a statement in their Notice of Removal, however, this holding does not apply, and the Young Defendants did not satisfy the rule of unanimity in their Notice of Removal. Thus, the non-removing, or consenting, defendants had to file separate statements of consent or joinder in the removal. Defendants contend that all consents were timely because there is no applicable deadline for the filing of such consents and, if there is an applicable deadline, they can "cure" any defect of an untimely consent.

---

[4] Plaintiff later dismissed all claims against Defendant Choying Rabjam under Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. ECF 49.

1.  **Deadline for Consent**

Ray disputes only whether the joinder, or consent, to removal filed by DSS Portland is timely. The parties disagree about the deadline applicable to a separately filed consent by a non-removing defendant. Ray argues that the deadline is 30 days from the date the consenting defendant is served, pursuant to 28 U.S.C. § 1446(b)(2)(B). Defendants argue that there is no deadline stated in the statute to file consent and therefore the consent of DSS Portland was timely.

The law is unsettled on this issue, and the Ninth Circuit has not weighed in after the 2011 amendments to § 1446. Courts are inconsistent as to whether § 1446 establishes a particular deadline for consent. Some courts have concluded that § 1446(b)(2)(B) establishes a deadline for consent. *See, e.g.*, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent. This straightforward application of 28 U.S.C. § 1446(b)(2)(B) is consistent with our Circuit's presumption against removal."). Other courts, however, have held that the statute does not set a deadline for *consent* and that § 1446(b)(2)(B), by its express terms, applies only to *notices of removal*. *See, e.g.*, *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved. By comparison, § 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance."); *Majewski v. Dick's Sporting Goods, Inc.*, 2021 WL 76819, at *2 n.1 (N.D. Ill. Jan. 8, 2021)

("Even if a party can cure an incomplete notice of removal, there is an issue about *when* the consent must take place. The statutory text sets a fixed deadline for the *filing* of a notice of removal (*i.e.*, 30 days after service of process). *See* 28 U.S.C. § 1446(b)(2)(B)." (emphasis in original)); *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1263 (D.N.M. 2017) ("The statute requires only that all defendants consent to removal; it is silent regarding when that consent must take place.").

Further, for some courts that apply § 1446(b)(2)(B) to consent, they recognize additional complications if the consenting defendant is an earlier-served defendant. *See, e.g.*, *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) ("Generally, each defendant must consent to removal within thirty days after being served with the initial pleading. [28 U.S.C] § 1446(b)(2)(B). When defendants are served at different times, however, an earlier-served defendant may consent to a later-served defendant's timely removal even if the earlier-served defendant did not file a notice of removal within thirty days of its own service. *Id.* § 1446(b)(2)(C)."); *Sara v. Talcott Resol. Life Ins. Co.*, 2022 WL 19182, at *4 & n.6  (S.D.N.Y. Jan. 3, 2022) (concluding that § 1446(b)(2)(B) requires that consent be filed within each consenting defendant's removal period, but also recognizing that "while the earlier-served defendant must consent, § 1446(b)(2)(C) is silent as to when that consent must be expressed").

Thus, courts select various dates as the deadline for consent. *See, e.g.*, *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *3-6 (D. Haw. Oct. 24, 2017) (comparing the approach of different courts across the nation). In considering the proper deadline for consent, some courts select the date by which the removing defendant must file its own notice of removal; that is, within 30 days of the removing defendant's service or receipt of the summons or complaint. *See, e.g.*, *id.*, at *5-6; *Gibbs v. Ocwen Loan Servicing, LLC*, 2014 WL 2767206, at *2 (N.D. Tex.

June 18, 2014). Others identify the deadline as 30 days from the date of removal, which aligns with the deadline for the motion to remand. *See, e.g.*, *Centura Health Corp. v. Agnew*, 2018 WL 3454976, at *4-5 (D. Colo. July 18, 2018); *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1264 (D.N.M. 2017); *Pattison v. Nevada ex rel. Nev. Dep't of Corr.*, 2014 WL 2506467, at *3 (D. Nev. June 3, 2014). Still others select 30 days from the time that the consenting defendant was served. *See Taylor*, 15 F.4th at 150-51; *Couzens*, 854 F.3d at 514; *see also Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing § 1446(b)(2)(B) for proposition that consenting defendant filed timely consent because it was filed within 30 days of when the consenting defendant was served).

Here, the Court need not choose which deadline to apply. The Court finds no reasoned support for Defendants' contention that after the amendments to § 1446 there simply is an unlimited time to consent, including weeks after a plaintiff has moved to remand. Regardless of whether courts find a deadline expressly or impliedly stated in the statute, there is broad consensus that courts should apply some deadline for consent under § 1446. The Court has surveyed the case law across the nation and found that the most generous deadline allowed is 30 days from the date of removal.[5] The consent filed by DSS Portland was untimely under any deadline that courts have applied under the statute.

Defendants cite cases that they contend allow for later consent, but those cases are distinguishable. The cases relied on by Defendants involved a written indication of consent filed before the statutory deadline applied in the case, often bolstering a later-filed explicit consent.

---

[5] The Eighth Circuit in *Couzens* concluded that a consent was timely that was served 31 days after removal and one day after the motion to remand was filed. 854 F.3d at 515. In that case, however, the consenting defendant timely filed an affidavit in support of the removing defendants' motion to dismiss that argued federal jurisdiction was proper and the removing defendants represented that the consenting defendant had given consent before the notice of removal was filed. No such facts are present here.

These writings filed within the deemed statutory period included the statement of counsel in the notice of removal that the other defendants consented, an answer or motion to dismiss accepting jurisdiction, and a brief in opposition to a motion to remand. Here, there was no writing stating or implying DSS Portland's consent to, or joinder in, the removal until nearly two weeks after the motion to remand was filed, which was well after any potential deadline that courts apply to consent.

### 2.  Ability to Cure Untimely Consent

The parties next dispute whether after the 2011 amendments a removing party can "cure" an untimely consent. Defendants argue that the Court should allow cure here, regardless of any missed deadline, citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002), and *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011). *Parrino* and *Soliman* are distinguishable, however, because those cases were adjudicated on appeal after they were fully litigated on the merits, and the Ninth Circuit's holding expressly applies only to appellate courts. The Ninth Circuit in *Parrino*[6] discussed the appellate review standards established by the Supreme Court regarding jurisdictional versus procedural defects, clarified that the decision did not "authorize district courts to ignore the procedural requirements for removal" but that those requirements "remain enforceable by the federal trial court judges" while permitting "the *Court of Appeals* to treat as cured a procedural defect in the removal process corrected before entry of judgment." 146 F.3d 699, 703 n.1 (9th Cir. 1998), *as amended* (July 28, 1998) (emphasis in original). The Ninth Circuit also explained that remand would not be appropriate at that stage of the litigation because "to wipe out the

---

[6] *Soliman* merely quoted *Parrino* for the proposition that: "[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Soliman*, 311 F.3d at 970 (quoting *Parrino*, 146 F.3d at 703) (alteration added in *Soliman*).

adjudication post-judgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Id.* at 703 (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 77 (1996)). Such concerns, however, are not present here. The parties are at the beginning of this case before the trial court; they are not on appeal. *See Fredrickson v. Consol. Supply Corp.*, 2006 WL 752587, at *2 (D. Or. Mar. 21, 2006) ("The *Parrino* decision, however, did not establish the principle that district courts could ignore or overlook the procedural requirements for removal, but instead the court found appellate courts may overlook noncompliance with removal requirements if the noncompliance is cured before the district court enters a final judgment.").

Defendants' reliance on *Destifino* also is misplaced. *Destifino* held that the Ninth Circuit would apply the later-served defendant rule. 630 F.3d at 955-56. In setting out the standards for removal and consent, *Destifino* cited *Soliman* in explaining that *district courts* could allow removing defendants to cure defects in removal through to the date of judgment. *Id.* at 957. *Destifino*, however, did not analyze or discuss this standard or otherwise explain how or why it was expanding *Parrino* and *Soliman* without discussion or analysis. Nor did the Ninth Circuit in *Destifino* apply that standard—it just concluded: "Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective." *Id.* The Ninth Circuit's iteration in *Destifino* of the *Parrino* standard as quoted in *Soliman* as applying to district courts, therefore, is dicta.

The Court rejects the argument that trial courts have carte blanche discretion to allow removing defendants to cure defects in removal through the date of judgment. Instead, the Court agrees with the overwhelming majority of other courts in construing § 1446 as requiring some

deadline for consent to removal because, for the procedural requirements of the statute to have

any meaning, there must be some deadline. As discussed above, the Court declines at this time to

determine the specific deadline for consent under § 1446, because even under the latest deadline

reasonably applied, DSS Portland's consent is untimely. The latest deadline that courts have

found to be reasonable under the statute is 30 days after removal. *See, e.g.*, *Centura Health*

*Corp*, 2018 WL 3454976, at *3 ("However, courts have observed that to give any meaning to the

procedural requirement that all defendants consent to or join a notice to remove, such consent or

joinder must at the very least be filed before the plaintiff moves to remand."). The consent by

DSS Portland was filed 12 days after that deadline and, thus, is untimely.

**B.  Request for Extension**

DSS Portland also filed a motion for extension of time under Rule 6(b)(1)(B) of the

Federal Rules of Civil Procedure to file its consent to removal. DSS Portland argues that its

failure timely to file consent was due to "excusable neglect." DSS Portland explains that it

believed that it was represented by the same counsel that represents Dzogchen Shri Singha

Foundation USA, Inc. and Dzogchen Buddah Path International Inc. DSS Portland states that

when it discovered it was not represented by that counsel during the motion to remand process, it

promptly obtained its own counsel and filed its consent.

Ray responds that Rule 6(b)(1)(B) does not apply because the deadline for consent is set

by statute. Generally, courts have "held that Rule 6(b) may be used only to extend time limits

imposed by the court itself or by other Federal Rules, but not by statute." *Argentine Republic v.*

*Nat'l Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011). Courts have held that this includes the

"mandatory" deadlines in 28 U.S.C. § 1446, such as the 30-day period to file a notice of removal.

*See Johnson v. USAA Cas. Ins. Co.*, 900 F. Supp. 2d 1310, 1312 (M.D. Fla. 2012) ("Nor may

federal courts enlarge statutory periods based on 'good cause' under Fed. R. Civ. P. 6(b). Thus,

section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise." (citation and quotation marks omitted)); *Faust v. Menards, Inc.*, 2012 WL 3264987, at *7 (N.D. Ind. Aug. 9, 2012) ("The court has not been able to find any Seventh Circuit authority on the issue, but the sparse out-of-circuit cases that exist state that R[ule] 6(b) cannot be used to extend the statutory time period for removal."). A court may not apply Rule 6(b) "to filing times prescribed by statute." *Stone St. Cap., Inc. v. McDonald's Corp.*, 300 F. Supp. 2d 345, 350 (D. Md. 2003) (declining to apply Rule 6(b) to extend the time for removal). This is driven in part because of the "clear language" of the statute by which "the line has been drawn . . . by statute and [the] Court lacks the authority to alter it." *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 884 (W.D. Tenn. 2006) (declining to extend to time for removal).

The Court, however, has identified several cases in which courts have applied Rule 6(b) to the deadline to file a notice of removal. *See Procopio v. Crown Atl. Co., LLC*, 555 F. Supp. 3d 186, 188 (E.D. Pa. 2021) ("Defendant additionally argues that the Court has discretion to extend Defendant's time to remove. Pursuant to Federal of Civil Procedure 6(b), this Court has discretion to extend the time of an action 'on motion made after the time has expired if the party failed to act because of excusable neglect.' Fed. R. Civ. P. 6(b)(1)(B)."); *Golembewski v. Rusek*, 2017 WL 1078329, at *2 (M.D. Pa. Mar. 22, 2017) ("To interpret 28 U.S.C. § 1446(b) as a *per se* rule is to ignore Federal Rule of Civil Procedure 6(b)(1)(B) as well as the surrounding case law on 'excusable neglect.'"). These cases simply do not discuss whether Rule 6(b) applies to statutory deadlines.

The more important question for purposes of the pending motion, however, is whether § 1446 prescribes a deadline for *consent* sufficient to warrant a court declining to apply

Rule 6(b). As discussed earlier, only when a *statute* prescribes a deadline, meaning the deadline is set by Congress and not by the courts, do courts consider that they lack authority to change that deadline. Most courts, however, have described § 1446(b) as being either silent or ambiguous as to the deadline for consenting defendants, or at least earlier-served defendants, to file their consent. The law is on this point is unsettled. Also as discussed above, courts have reached inconsistent conclusions about the most appropriate deadline for consent. Although courts appear generally to agree that there must be *some* deadline for the statutory scheme to have meaning, there does not appear to be any widespread consensus as to *what* that deadline should be as determined by the courts, particularly for earlier-served defendants.

Although construing § 1446(b)(2)(B) as setting a 30-day deadline for consent for non-removing defendants may be reasonable, as shown by the discussion above, it is not the unanimous, or even majority, construction given to the statutory scheme by courts. Additionally, it is widely accepted as not applying to earlier-served defendants, based on § 1446(b)(2)(C). Thus, the Court cannot say that § 1446 expressly establishes one clear statutory deadline for consent or that there is "clear language" in the statute like there is for the date of filing the notice of removal. Because the statute does not clearly prescribe a deadline for consent and it is a deadline interpreted and imposed by courts, particularly for earlier-served consenting defendants, the Court finds that it has discretion to apply Rule 6(b) of the Federal Rules of Civil Procedure.

When evaluating whether to apply Rule 6(b), the Ninth Circuit has "adopted the Supreme Court's four-factor test" from *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019). Courts consider: "the danger of prejudice. . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Investment*, 507 U.S. at 395).

Ray does not argue that she will be prejudiced or that there will be any negative effect on the judicial proceedings. Ray argues only that the delay was long and without proper explanation. Ray contends that DSS Portland fails to show excusable neglect for filing its consent 12 days after the motion to remand and 34 days after DSS Portland's deadline to file consent (if one assumes DSS Portland had 30 days from service to file consent). Ray points out that in conferring on her motion to remand, counsel for the Young Defendants acknowledged on March 14, 2023 that DSS Portland had not responded and did not appear to be represented. Thus, argues Ray, there is an insufficient explanation for why it took two additional weeks, until March 28, 2023, for DSS Portland to file its notice of joinder and another month to file the motion for extension of time.

DSS Portland explains that it believed it was represented by the same counsel that represented the other entity defendants and not until the motion to remand conferral did it realize that it was not represented. At that point it had to obtain counsel and then file its notice of joinder. The Court finds that two weeks is a reasonable timeframe for a corporate entity to search for and obtain counsel and for counsel to file the notice. The delay was not significant, particularly given the ambiguities regarding the deadline for consent, especially for earlier-served defendants. The Court also finds that filing a separate motion for extension of time after the motion to remand was briefed is procedurally acceptable. Ray was able to respond to the motion for extension of time and raise her points in opposition. Thus, the Court grants DSS Portland's motion for extension of time until March 28, 2023, to file its joinder in removal.

Because the Court extends the time by which DSS Portland may file its notice of joinder in removal, DSS Portland's joinder is timely. Ray's motion to remand depended only on the purported untimeliness of DSS Portland's joinder. Thus, the Court denies Ray's motion to remand.

## CONCLUSION

The Court GRANTS Defendant Dzogchen Shri Singha of Portland's Motion for Extension of Time to Consent to Removal, ECF 37. The Court DENIES Plaintiff's Motion to Remand, ECF 16.

**IT IS SO ORDERED.**

DATED this 15th day of May, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge