**Gilion C. Dumas, OSB 922932**
gilion@dumasandvaughn.com
**Ashley L. Vaughn, OSB 114691**
ashley@dumasandvaughn.com
**Dumas & Vaughn, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, Oregon 97212
Telephone: (503) 616-5007

**Carol M. Merchasin, admitted pro hac vice**
cmerchasin@mcolaw.com
**Meghna Sridhar, admitted pro hac vice**
msridhar@mcolaw.com
**McCallister Olivarius**
641 Lexington Ave., 13th Fl.
New York, NY
Telephone: (212) 433-3456

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RACHEL MARIE MONTGOMERY RAY, an individual. <br><br> Plaintiff, <br><br> v. <br><br> DZOGCHEN SHRI SINGHA FOUNDATION USA, INC., a Nevada corporation authorized to do business in Oregon; DZOGCHEN SHRI SINGHA OF PORTLAND, an Oregon corporation; DZOGCHEN BUDDHA PATH INTERNATIONAL, INC., an Oregon corporation; CARRIE URE, an individual; SEAN YOUNG, an individual; SHANNON YOUNG, an individual; TIM BATESON, an individual; ERIK JUNG, an individual; | Civil No. 3:23-cv-00233-SI <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF, AND MEMORANDUM IN SUPPORT** <br><br><br> *Oral argument requested.* |

Page 1 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Defendants.

**CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7-1(a)(1)(A), Plaintiff's counsel certifies that the parties made a good faith effort to resolve this dispute, by telephone and in writing. At this time, all Defendants except Defendant Carrie Ure object to Plaintiff's proposed amendments, albeit on different grounds. Defendants Jung and Bateson indicated a willingness to potentially stipulate to the amendments with some additional proposed changes; in the interest of time, and because Plaintiff has to file the motion as to the other Defendants, the parties agreed that Plaintiff can file the motion, but Defendants Jung and Bateson may later withdraw their opposition if the parties can agree on additional amendments.

**MOTION**

Plaintiff Rachel Marie Montgomery Ray ("Plaintiff" or "Montgomery") moves this Court, pursuant to Federal Rules of Civil Procedure ("FRCP") 15 and 20 and District of Oregon Local Rule ("LR") 15, for leave to amend the Complaint and join a second plaintiff to this action. This Motion is supported by the following Memorandum in Support, the court file in this matter, and the Declaration of Ashley L. Vaughn, filed herewith.

**MEMORANDUM IN SUPPORT**

## I.      INTRODUCTION

This case arises out of the sexual exploitation, trafficking, and rape of Plaintiff while she was a student and resident at the Dzogchen Buddhist Dharma Center ("Center") in Oregon. Dkt.

Page 2 -   **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

1, Compl. ¶ 1 (Dec. 30, 2022). Plaintiff alleges that Defendants, who controlled and operated Dzogchen centers on a national and global scale, are liable under state and federal laws for enabling and facilitating her abuse. Compl. ¶ 3.

Plaintiff now seeks leave to (i) amend her Complaint pursuant to FRCP and LR 15, and (ii) add an additional plaintiff, Rikkianne Chatfield ("Chatfield"), pursuant to FRCP 20. The proposed amendments include facts detailing, and claims arising from, Chatfield's allegations; changes to further support Plaintiff's claims and add new claims arising out of the same facts alleged in the Complaint; and certain clerical corrections and editorial improvements.

The proposed First Amended Complaint ("FAC") is attached in redline as Exhibit A to the Declaration of Ashley L. Vaughn, filed herewith. Plaintiff's amendments are in good faith, will not delay this litigation or prejudice Defendants, and will promote judicial economy. Under the federal rules' liberal standard in allowing parties to amend their pleadings and join parties, Plaintiff therefore respectfully requests this Court grant this Motion for leave to amend her Complaint and add Chatfield as a Plaintiff to this suit.

## II.    FACTUAL SUMMARY

Plaintiff was a vulnerable young woman with a history of family trauma and substance abuse, who first encountered the Center and its leader and head teacher, Choying Rabjam ("Choga") as a teenager.  Compl. ¶¶ 1, 2. Choga was head of both the international Dzogchen Shri Singha organization, as well as the Center. Compl. ¶ 2. Defendants[1] jointly controlled and operated Dzogchen "retreat" centers, including the Center, on a national and global scale.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Compl. ¶ 3. Defendants represented Choga as a learned, exalted and high-status individual and profited off of his reputation and international travel and teaching. Compl. ¶¶ 33-35.

As a result, Defendants created an environment within the Center where vulnerable individuals like Plaintiff were primed for exploitation and abuse. Compl. ¶ 3. Defendants instructed members of the Center, including Plaintiff, to unquestioningly obey Choga's every directive. Compl. ¶¶ 36-39. Plaintiff, who lived, worked, and studied at the Center at various points between 2011 and 2013, was told to endure and accept any way Choga treated her. Compl. ¶¶ 27-31, 42.

Enabled and facilitated by Defendants, Choga fraudulently, forcefully and coercively sexually assaulted Plaintiff on multiple occasions in 2013. Compl. ¶¶ 52-59. Choga also raped and impregnated Plaintiff when she was incapacitated by alcohol. Compl. ¶¶ 63-64. After Plaintiff informed DSS of what had transpired, DSS led her to believe Choga was not a member, director or employee of DSS, so they could not aid her. Compl. ¶ 72. Until around January 2021, Plaintiff believed Choga's representations that what happened to her was not sexual assault. Compl. ¶¶ 74-76. On reconnecting with a former member of the Center, Plaintiff realized that Choga had actually sexually assaulted her, and Defendants had allowed him to do so despite knowledge of his propensity for sexual abuse. *Id*.

Chatfield, a childhood friend of Plaintiff's, joined the Center in 2010. Ex. A, FAC ¶ 28. Like Plaintiff, Chatfield was also a vulnerable individual who grew up in a home rife with substance abuse and trauma. FAC ¶ 27. Chatfield joined the Center as a homeless teenager who had dropped out of high school. FAC ¶¶ 27, 28. She assisted Defendants in recruiting Plaintiff to join her one year later. FAC ¶¶ 35, 36.

Page 4 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Like Plaintiff, Chatfield too was the target of Defendants' repeated messages to follow Choga's every order. FAC ¶¶ 43-46. Defendants threatened grave consequences to those who did not obey Choga, including being publicly humiliated, verbally berated and physically punished. FAC ¶¶ 46-48. Defendants also had financial control over Chatfield, Plaintiff, and their other members' lives and were their primary source of income and shelter. *Id*. As a result, any non-compliance with Choga's commands had material implications for Chatfield, as it had done for Plaintiff. *Id*.

When Plaintiff left the Center in 2014, Choga selected Chatfield as his next target. FAC ¶ 8. Although Plaintiff told DSS what Choga had done to her in 2014, Defendants allowed Choga to sexually abuse and exploit Chatfield for five years after. FAC ¶¶ 92-129. Choga sexually abused Chatfield in a manner identical to Plaintiff, by making fraudulent representations about the nature of his sexually invasive acts and defrauding, forcing, and coercing her through alcohol, threats and false promises. *Id*. Choga also coerced Chatfield into sexual activity through public humiliation, in open view of DSS's members, and physical punishments, including beatings. *Id*. Like Montgomery, Chatfield too did not recognize the true nature of Choga's abuse, or Defendants' complicity for several years. FAC ¶¶ 135-38. It was only in or around May 2023, after watching an interview of Plaintiff, did Chatfield realize she too had been sexually abused and raped. *Id*.

Chatfield now joins Plaintiff in alleging that Defendants are vicariously liable for Choga's sexual battery against them, and liable for their negligence in allowing Choga to abuse them despite knowledge of the risks posed by him to female DSS members. FAC ¶¶ 142-49. Chatfield also joins Plaintiff in her federal trafficking claims under 18 USC §§ 1591, 1594, and 1595, alleging that Defendants benefited from, and are vicariously liable for, Choga's acts of

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

causing them to engage in commercial sex acts through force, fraud, and/or coercion. FAC ¶¶ 159-69. Finally, Plaintiff and Chatfield together also bring new claims against Dzogchen Defendants for dangerous premises liability (FAC ¶¶ 150-58); all Defendants under ORS §§ 30.867 and 163.266 (state sex trafficking) (FAC ¶¶ 177-84); and Dzogchen Defendants for fraud (FAC ¶¶ 186-196).

## III.    TIMELINESS OF MOTION

Plaintiff commenced this action in Multnomah County Circuit Court on December 30, 2022. On February 15, 2023, Defendants removed the action to this Court. Dkt. No. 1.

On March 16, 2023, Plaintiff moved to remand to Oregon state court. Dkt. No. 16. On April 28, 2023, Defendants filed their Answers to Plaintiff's Complaint. Dkt. Nos. 43, 44. On May 5, 2023, Plaintiff voluntarily dismissed Defendant Choga without prejudice. Dkt. No. 49. On May 15, 2023, this Court denied Plaintiff's motion to remand. Dkt. No. 51.

On June 7, 2023, the parties moved for, and were granted, a first extension of the scheduling order deadlines set by this Court, as the parties were engaged in briefing remand and removal issues and had not engaged in discovery. Dkt. Nos. 53, 54. On October 23, 2023, the parties moved for, and were granted, a second extension of the scheduling order deadlines set by this Court. Dkt. Nos. 66, 67. The reason for the request was that several defendants recently obtained new counsel and needed to adjourn discovery and deposition dates as a result. Dkt. No. 66. The Court granted the parties until March 15, 2024, to amend pleadings, and join all claims, remedies and parties, and until April 15, 2024, to complete discovery. Dkt. No. 67.

As of the date of filing, the parties have engaged in limited discovery and not yet conducted any depositions.  Vaughn Decl. ¶¶ 3-5.

/ / /

## IV. LEGAL STANDARD

Under FRCP 15, a party may amend its pleading once as a matter of course no later than 21 days after the service of a responsive pleading or motion under Rule 12(b), (e) or (f), following which it may do so only with the opposing party's written consent, or the Court's leave. As Defendants all filed their Answers to the Complaint on April 28, 2023 (Dkt. Nos. 43, 44) and oppose Plaintiff's amendment, Plaintiff now seeks leave to amend.

The federal rules direct courts to be liberal in allowing a party to amend its pleading. Leave must be freely granted "when justice so requires." FRCP 15(a)(2). *See also U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (internal quotations omitted); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375–76 (9th Cir. 1980) ("[I]n exercising the discretion provided by Rules 15 and 20, courts have shown a strong liberality in allowing parties to amend their pleadings.").

A court may only deny leave to amend if the amendment (1) creates undue delay; (2) is sought in bad faith; (3) prejudices the opposing party; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). *See also DCD Programs, Ltd. v. Leighton,* 833 F.2d 183*,* 186-87 (9th Cir. 1987) ("Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment"). When weighing these factors, all inferences should be made in favor of granting leave to amend. *Griggs v. Pace Am. Group*, Inc., 170 F.3d 877, 880 (9th Cir. 1999). The nonmoving party bears the burden of proving it will be prejudiced by the proposed amendments. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1996).

Page 7 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

A court's "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties[.]" *DCD Programs*, 833 F.2d at 186. However, in addition to FRCP 15, a court must also consider whether the proposed joinder comports with FRCP 20. *See Desert Empire Bank*, 623 F.2d at 1374 (a "plaintiff's petition to amend its pleadings to add [a party] brings into consideration Rules 15 and 20[.]").

A party may be joined in an existing action as a plaintiff if "(a) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action." FRCP 20(a)(1). FRCP 20 is "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Applying these standards, Plaintiff's motion for leave to file a First Amended Complaint should be granted.

## V.     ARGUMENT

### A.     *Plaintiff's Proposed Amendments Fall Squarely Within Rule 15's Liberal Ambit.*

Plaintiff's proposed amendments can be divided into three categories: (i) amendments to add Chatfield's factual allegations and claims; (ii) amendments to further support Plaintiff's

Page 8 -   **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

MCALLISTER OLIVARIUS
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

DUMAS & VAUGHN, LLC
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

claims on the merits and add new claims arising from the same facts and transactions pleaded in her original Complaint; and (iii) corrections, clean-ups, and editorial improvements.

Each of these categories falls squarely within Rule 15's permissive ambit. In exercising its discretion to allow a party to amend its pleadings, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979. In other words, a court may freely allow a plaintiff to amend and strengthen her claims, correct errors or inconsistencies, add new claims, or address defenses raised. *See, e.g., DCD Programs,* 833 F.2d at 188 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("Where the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits.'"); *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

Plaintiff's first set of amendments are necessary to integrate Chatfield as a Plaintiff. As argued below, Plaintiff may properly join Chatfield to this action. To demonstrate a consistent pattern of fraud, force, coercion and sexual abuse and violence enacted by Choga and enabled and facilitated by Defendants, the FAC both adds new sections for Chatfield's allegations and revises existing sections to integrate Chatfield's allegations and theory of the case with Plaintiff's where they intersect.

Plaintiff's second set of amendments are intended to offer further factual support for and clarity to her own allegations and claims. All Defendants allege that Plaintiff failed to state a claim and that her claims are barred by the First Amendment of the United States and/or Oregon Constitutions or are otherwise constitutionally barred. *See* Dkt. No. 43 ¶¶ 24, 26; 44 ¶¶ 104, 108.

Page 9 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Plaintiff has made proposed amendments to the FAC to counter Defendants' assertions that their statements and conduct are protected by the First Amendment. Plaintiff has also made amendments that further develop her claims of negligence, sexual battery, and sex trafficking. Further, Plaintiff commenced her claim in, and drafted her original pleading for, Oregon state court. Plaintiff's proposed amendments align the FAC to federal formatting and pleading standards.

Along with providing additional factual support for her existing claims, Plaintiff also seeks to add three new claims: a claim for negligence on the basis of dangerous premises (FAC ¶¶ 150-58); a claim for state sex trafficking under ORS §§ 30.867, 163.266 (FAC ¶¶ 177-84); and a claim for fraud (FAC ¶¶ 186-196). A trial court may allow a plaintiff to amend her pleadings to add additional claims. Moreover, each of these claims arises from the same facts and circumstances pled in Plaintiff's original Complaint. Plaintiff's dangerous premises claim is premised on similar facts and theories as in her original negligence claim, Plaintiff's state trafficking claim is premised on similar facts and theories as those underlying her federal trafficking claim, and her fraud claim is premised on similar facts and theories as both. *See generally* FAC ¶¶ 150-58; 177-84; 186-96. As Plaintiff's new claims share a "common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question," not only are these amendments permissible and nonprejudicial, but are timely as they relate back to her original Complaint. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989); FRCP 15(c).

Finally, Plaintiff's third set of amendments involve clean-ups and necessary corrections, and nonmaterial editorial improvements. Since commencing this action, Plaintiff has voluntarily dismissed two Defendants without prejudice, Choga and John Sullard. Plaintiff has amended the

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

complaint to eliminate references to these two individuals as defendants. Plaintiff has also made changes to clean-up defined terms and cross references and make stylistic and editorial improvements to the complaint. Plaintiff makes all these amendments together in the FAC to maximize judicial efficiency and not burden this Court with repeated motion practice to amend her pleadings.

**B.** ***Defendants Cannot Show Undue Delay, Bad Faith, Prejudice or Futility.***

Absent a showing of undue delay, bad faith, prejudice, or futility, a trial court may not deny a party's motion to amend their pleading. *AmerisourceBergen Corp.*, 465 F.3d at 951. None of these factors are present here.

Plaintiff did not unduly delay in moving to amend. Chatfield first contacted undersigned counsel in September 2023, and counsel has moved to add her as a plaintiff as quickly as feasible. Vaughn Decl. ¶ 6.

Moreover, exchange of discovery did not commence until August 21, 2023, at the conclusion of the parties' dispute on the remand issue and after the parties stipulated to a protective order. Discovery has been further postponed by Defendants' change of counsel. As of the date of filing, the parties have engaged only in limited document production. One Defendant, Tim Bateson, has not produced any responsive documents to Plaintiff's discovery requests and all other Defendants' document production has been limited. No depositions have been conducted. Vaughn Decl. ¶¶ 2-5.

For similar reasons, Defendants cannot claim either bad faith or prejudice from Plaintiff's amendments. *See, e.g., DCD Programs,* 833 F.2d at 187, 188 (no bad faith when there was "no evidence on the record which would indicate a wrongful motive" and no prejudice when "[the] case is still at the discovery stage with no trial date pending, nor has a pretrial conference been

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

scheduled"); *Foman*, 371 U.S. at 182 (bad faith equated to "dilatory motive"); *Doe ex rel. U.S. v. Vratsinas Constr. Co.*, 853 Fed. Appx. 133, 134 (9th Cir. 2021) (inferring bad faith from missed deadlines).

The Ninth Circuit has further suggested prejudice can be found when "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense," (*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) or the amendment could result in "the nullification of prior discovery, the burden of necessary future discovery, and the relitigation of [the] suit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). These factors also do not exist here. There is no trial date pending, or any pretrial conference scheduled. Defendants have ample opportunity to conduct necessary discovery. Plaintiff attempts to join the claims to maximize judicial efficiency, avoid burdening this Court and Defendants with two separate but entwined lawsuits, and to streamline discovery and depositions.

Finally, Plaintiff's proposed amendments are not futile. A court may deny a party leave to amend on the basis of "futility," including the "inevitability of a claim's defeat on summary judgement." *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987). As noted above, the parties have only just begun to exchange discovery and are many months out from the Court's deadline to complete all discovery. At this stage, it would be premature to rule on the futility of either Plaintiff's amendments pertaining to her own claims or the addition of Chatfield as plaintiff. Additionally, Defendants have not moved to dismiss Plaintiff's claims, nor indicated an intent to do so.

Page 12 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Plaintiff's addition of Chatfield would not be futile. Chatfield's allegations raise claims for relief that are plausible on their face. *See, e.g., Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1123 (C.D. Cal. 2010) (quoting *Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949 (2009)) ("An amended claim is not 'futile' if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face"). Chatfield's claims mirror Plaintiff's, and Defendants have not moved against the sufficiency of Plaintiff's claims. Chatfield's claims, like Plaintiff's, are plausible on their face.

**C.**     *Plaintiff May Properly Join Chatfield Under FRCP 20.*

     **1.**     **Chatfield's claims arise from the same series of transactions or occurrences because they are factually similar, and Defendants have engaged in a systemic pattern of manipulation, fraud, and coercion that led to their assaults.**

The Ninth Circuit has interpreted the first prong of FRCP 20's test, the "same transaction" requirement, as referring to "similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); see also *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (FRCP 20's first prong "requires factual similarity in the allegations supporting Plaintiffs' claims"). When multiple Plaintiffs allege that their claims arise out of, for example, a "systematic pattern of events," or a "pattern or policy" on behalf of Defendants, their claims are sufficiently linked to satisfy the "same transaction" requirement. *Id.*

Chatfield meets this requirement with ease. She was abused by the same perpetrator as Plaintiff was, Choga, and at the same place and same institution – the Center in Oregon. Both Plaintiffs were students, employees, and residents within the Center, and overlapped for a period of about three years. Defendants engaged in a similar pattern of manipulation, fraud and coercion with both Plaintiffs: instructing them that Choga's word was sacrosanct, that Choga's every

Page 13 - **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

order had to be obeyed without question and representing to them that Choga was a trustworthy and well-intentioned leader and teacher who would not cause them harm. Defendants further enabled and facilitated Choga to manipulate his position of power over both Plaintiffs by fraudulently promising them empowerments, misleading them for his own sexual gratification, and finally, sexually assaulting and raping them.

Choga used an identical *modus operandi* to sexually abuse both Chatfield and Plaintiff. He first paid them inordinate attention and used his exalted position within Defendants' organizations to manipulate Chatfield and Plaintiff into obeying his every word. He fraudulently promised them empowerments and then used those empowerments as an opportunity to coercively penetrate them with his fingers and/or his penis without their consent. Choga then defrauded Chatfield and Plaintiff into believing these acts were not sexual acts or sexual assaults. Defendants allowed and enabled him to do so. Despite having actual and/or constructive knowledge of Choga's abusive propensities, Defendants failed to intervene, warn or otherwise act to protect Chatfield and Plaintiff from his foreseeable abuse.

> **2.      Chatfield's claims all involve common questions of law and fact with Plaintiff.**

The second requirement to meet the permissive joinder standards is that there is "*any* question of law or fact common to all plaintiffs."  FRCP 20(a)(1)(B) (emphasis added). The term "any" is significant, because it is not required that *all* or even *most* questions of law or fact be the same among the plaintiffs. Every plaintiff is not required to assert a claim against every defendant, as long as there is *a* common question of law or *a* common question of fact common to all the plaintiffs.

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Chatfield easily meets this standard. There are several questions of both law and fact that are shared between Chatfield and Plaintiff.

Shared questions of fact between Chatfield and Plaintiff include, *inter alia*, Choga's position within the Center and within DSS; Defendants' control of Choga and Choga's actions; Defendants' profiting from Choga's stature and leadership and his national and international reputation and teaching; Defendants' acts in manipulating and coercing Plaintiff and Chatfield to unquestioningly obeying Choga; Defendants' knowledge of Choga's propensity for sexual abuse and prior allegations against Choga and other teachers within the lineage; and Choga's fraudulent and coercive practice of sexually abusing Plaintiff and Chatfield under the guise of empowering them.

Shared questions of law between Chatfield and Plaintiff include, *inter alia*, Defendants' vicarious liability for Choga's actions; whether Defendants' participated in a venture with Choga and benefited from his acts of sex trafficking under federal and state sex trafficking law; the foreseeability of Choga's abuse of Plaintiff ad Chatfield; and Defendants' negligence in failing to warn, intervene, or otherwise protect Plaintiff and Chatfield from abuse.

Taken together, Chatfield meets both of Rule 20's prongs for permissive joinder.

## VI.    CONCLUSION

For the reasons argued above, Plaintiff request that this Court grants Plaintiff' Motion to Amend her Complaint and add Chatfield as an additional plaintiff to this action.

**DATED** this 9th day of January, 2024.

Respectfully submitted,

/s/ Ashley L. Vaughn
Ashley L. Vaughn, OSB No. 114691

**PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT
AND JOIN ADDITIONAL PLAINTIFF**

MCALLISTER OLIVARIUS
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

DUMAS & VAUGHN, LLC
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

Gilion C. Dumas, OSB No. 922932
**DUMAS & VAUGHN, LLC**

/s/ Carol M. Merchasin
Carol M. Merchasin, admitted *pro hac vice*
**MCALLISTER OLIVARIUS**

/s/ Meghna Sridhar
Meghna Sridhar, *admitted pro hac vice*
**MCALLISTER OLIVARIUS**

*Of Attorneys for Plaintiff*

Page 16 -   **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PLAINTIFF**

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007

# CERTIFICATE OF SERVICE

     I hereby certify that I have served a true copy of the foregoing document on the following by CM/ECF System Transmission and emailing to:

Tracy McGovern, OSB No. 935349
Travis Merritt, OSB No. 195857
Frohnmayer Deatherage Jamieson Moore Armosino & McGovern PC
mcgovern@fdfirm.com
merritt@fdfirm.com
*Attorneys for Defendants Dzogchen Shri Singha Foundation USA, Inc.; Dzogchen Buddha Path International, Inc.; Sean Young; and Shannon Young*


Kim E. Hoyt, OSB No. 914080
Breanna L. Thompson, OSB No. 154370
Garrett Hemann Robertson PC
khoyt@ghrlawyers.com
bthompson@ghrlawyers.com
*Attorneys for Defendants Dzogchen Shri Singha of Portland*


Gregory T. Lusby, OSB No. 933490
Arnold Gallagher PC
glusby@arnoldgallagher.com
*Attorney for Tim Bateson*


Matthew J. Yium, OSB No. 054377
Foster Garvey PC
matthew.yium@foster.com
*Attorney for Eric Jung*


Taylor Duty, OSB No. 143124
JJH Law
taylor@jjh-law.com
*Attorney for Carrie Ure*


Dated:  January 9, 2024

                           /s/ *Ashley L. Vaughn*
                           Ashley L. Vaughn, OSB 114961

**MCALLISTER OLIVARIUS**
641 Lexington Ave., 13th Floor
New York, NY
Telephone: (212) 433-3456

**DUMAS & VAUGHN, LLC**
3835 NE Hancock St., Ste. GL-B
Portland, OR 97212
Telephone: (503) 616-5007