**Lori K. DeDobbelaere, OSB No. 940655**
ldedobbelaere@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
2701 NW Vaughn Street, Suite 780
Portland, Oregon 97210
Telephone: (503) 224-0055
Fax: (503) 222-5290

Of Attorneys for Defendant Shannon Young

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RACHEL MARIE MONTGOMERY RAY, an individual, and RIKKIANNE CHATFIELD, and individual. | Case No. 3:23-CV-00233-SI |
| Plaintiffs, | |
| v. | **DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT** |
| DZOGCHEN SHRI SINGHA FOUNDATION USA, INC., a Nevada corporation authorized to do business in Oregon; DZOGCHEN SHRI SINGHA OF PORTLAND, an Oregon corporation; DZOGCHEN BUDDHA PATH INTERNATIONAL, INC., an Oregon corporation; CARRIE URE, an individual; SEAN YOUNG, an individual; SHANNON YOUNG, an individual; TIM BATESON, an individual; ERIK JUNG, an individual; | |
| Defendants. | |

For answer to plaintiffs' First Amended Complaint ("FAC"), Defendant Shannon Young

("Defendant") admits, denies, and alleges as follows:

**Page 1 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

1.

Defendant denies the allegations in paragraph 1 of the FAC.

2.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 of the FAC, and therefore, denies them at this time.

3.

As for the allegations in paragraph 3 of the FAC, Defendant admits that plaintiff Chatfield introduced plaintiff Montgomery to Choga.  Defendant further admits that plaintiff Chatfield and plaintiff Montgomery had been childhood friends.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3 of the FAC, and therefore, denies them at this time.

4.

Defendant denies the allegations in paragraph 4 of the FAC as they relate to her.  She lacks sufficient information to admit or deny the allegations in paragraph 4 as they relate to other defendants, and therefore, denies them at this time.

5.

Defendant denies the allegations in paragraph 5 of the FAC.

6.

Defendant denies the allegations in paragraph 6 of the FAC as they relate to her.  She lacks sufficient information to admit or deny the allegations in paragraph 6 as they relate to other defendants, and therefore denies them at this time.

7.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 7 of the FAC, and therefore denies them at this time.

/ / /

/ / /

**Page 2 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

8.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 8 of the FAC, and therefore denies them at this time.

9.

Paragraph 9 of the FAC does not contain allegations of fact, and therefore, does not require an answer from Defendant.

10.

As for paragraph 10 of the FAC, Defendant admits that the court has jurisdiction over the claims being asserted by plaintiffs.

11.

As for the allegations in paragraph 11 of the FAC, Defendant admits that plaintiff Montgomery is an adult woman.  She lacks sufficient information to admit or deny the remaining allegations in paragraph 11, and therefore denies them at this time.

12.

Defendant admits the allegations in paragraph 12 of the FAC.

13.

As for the allegations in paragraph 13 of the FAC, Defendant admits that Defendant Dzogchen Shri Singha Foundation USA, Inc. ("DSSF") is a Nevada non-profit corporation. Defendant further admits that Defendant Sean Young is DSSF's president, that Defendant Carrie Ure was DSSF's secretary, that Defendant Tim Bateson is DSSF's treasurer, and that Defendant Erik Jung is a current DSSF's director.  Defendant further admits that she is a member of DSSF. Defendant lacks sufficient information to admit or deny the allegations concerning Defendant Dzogchen Buddha Path International Inc ("DBP"), and therefore, denies them at this time. Defendant denies the remaining allegations in paragraph 13.

/ / /

/ / /

**Page 3 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

14.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 of the FAC, and therefore, denies them at this time.

15.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 of the FAC, and therefore, denies them at this time.

16.

Paragraph 16 of the FAC does not contain allegations of fact, and therefore, does not require an answer from Defendant.

17.

The allegations in paragraph 17 of the FAC are not directed at defendant, and therefore, do not require an answer from Defendant. To the extent the allegations do require an answer from Defendant, Defendant lacks sufficient information to admit or deny the allegations in paragraph 17, and therefore denies them at this time.

18.

As for the allegations in paragraph 18 of the FAC, Defendant admits that Defendant Sean Young has been a secretary of DBP from 2018 to the present, has been president of DSSF since 2016, and that he has participated in and supported spiritual retreats, classes, lectures, and other supporting activities on behalf of DSSF. Defendant denies the remaining allegations in paragraph 18.

19.

Defendant admits the first sentence of paragraph 19 of the FAC. Defendant further admits that in 2012 she served as Internship Director for DSSF. She further admits that at one point she was on the Board for DSSF. Defendant denies the remaining allegations in paragraph 19.

**Page 4 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

20.

The allegations in paragraph 20 of the FAC are not directed at defendant, and therefore, do not require an answer from Defendant.  To the extent the allegations do require an answer from Defendant, Defendant lacks sufficient information to admit or deny the allegations in paragraph 20, and therefore denies them at this time.

21.

The allegations in paragraph 21 of the FAC are not directed at defendant, and therefore, do not require an answer from Defendant.  To the extent the allegations do require an answer from Defendant, Defendant lacks sufficient information to admit or deny the allegations in paragraph 17, and therefore denies them at this time.

22.

Paragraph 22 of the FAC does not contain allegations of fact, and therefore, does not require an answer from Defendant.

23.

Defendant denies the allegations in paragraph 23 of the FAC.

24.

As for the allegations in paragraph 24 of the FAC, Defendant admits that plaintiffs were childhood friends.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 24, and therefore denies them at this time.

25.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 25 of the FAC, and therefore, denies them at this time.

26.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 26 of the FAC, and therefore, denies them at this time.

**Page 5 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

27.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 27 of the FAC, and therefore, denies them at this time.

28.

As for the allegations in paragraph 28 of the FAC, Defendant admits that plaintiff Chatfield came to the Center in 2010.  Defendant further admits that the Center is beautiful and that people from outside the United States come to visit from time to time.  Defendant further admits that plaintiff Chatfield volunteered to work on the farm at the Center.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 28, and therefore, denies them at this time.

29.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 29 of the FAC, and therefore, denies them at this time.

30.

As for the allegations in the first sentence of paragraph 30 of the FAC, Defendant denies that she taught anyone to "revere" Choga; however, she does admit that she taught people to act respectfully towards any dharma teacher which would have included Choga.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 30, and therefore, denies them at this time.

31.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 31 of the FAC, and therefore, denies them at this time.

32.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 32 of the FAC, and therefore, denies them at this time.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

33.

As for the allegations in paragraph 33 of the FAC, Defendant admits that plaintiff Chatfield did select clothes from the Center's 'Lost and Found." Defendant further admits that Choga introduced plaintiff Chatfield to Defendant and to Defendant Sean Young. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 33, and therefore, denies them at this time.

34.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 34 of the FAC, and therefore, denies them at this time.

35.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 35 of the FAC, and therefore, denies them at this time.

36.

As for the allegations in paragraph 36 of the FAC, Defendant admits that plaintiff Chatfield invited plaintiff Montgomery to the Dzogchen Retreat Center. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 36, and therefore, denies them at this time.

37.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 37 of the FAC, and therefore, denies them at this time.

38.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 38 of the FAC, and therefore, denies them at this time.

39.

As for the allegations in paragraph 39 of the FAC, Defendant admits that plaintiff Montgomery did provide childcare services at the Center in exchange for a stipend. Defendant

Page 7 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

lacks sufficient information to admit or deny the remaining allegations in paragraph 39, and therefore, denies them at this time.

40.

As for the allegations in paragraph 40 of the FAC, Defendant admits that Choga would teach in Eugene in front of various people from time to time.  Defendant further admits that there is also a retreat center in Nepal.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 40, and therefore, denies them at this time.

41.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 41 of the FAC, and therefore, denies them at this time.

42.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 42 of the FAC, and therefore, denies them at this time.

43.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 43 of the FAC, and therefore, denies them at this time.

44.

Defendant denies the allegations in paragraph 44 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 44, and therefore, denies them at this time.

45.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 45 of the FAC, and therefore, denies them at this time.

/ / /

/ / /

/ / /

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

46.

Defendant denies the allegations in paragraph 46 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 46, and therefore, denies them at this time.

47.

Defendant denies the allegations in paragraph 47 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 47, and therefore, denies them at this time.

48.

Defendant denies the allegations in paragraph 48 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 48, and therefore, denies them at this time.

49.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 49 of the FAC, and therefore, denies them at this time.

50.

Defendant denies the allegations in paragraph 50 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 50, and therefore, denies them at this time.

51.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 51 of the FAC, and therefore, denies them at this time.

52.

As for the allegations in paragraph 52 of the FAC, Defendant admits that plaintiff Montgomery provided childcare services at the Retreat Center and that she moved to Seattle in

**Page 9 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

January 2012 to attend the University of Washington.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 52, and therefore, denies them at this time.

53.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 53 of the FAC, and therefore, denies them at this time.

54.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 54 of the FAC, and therefore, denies them at this time.

55.

Defendant denies the allegations in paragraph 55 of the FAC as they relate to her. Defendant denies that plaintiff Montgomery ever held the position of "property manager" at the Retreat Center.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 55, and therefore, denies them at this time.

56.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 56 of the FAC, and therefore, denies them at this time.

57.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 57 of the FAC, and therefore, denies them at this time.

58.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 58 of the FAC, and therefore, denies them at this time.

59.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 59 of the FAC, and therefore, denies them at this time.

**Page 10 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

60.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 60 of the FAC, and therefore, denies them at this time.

61.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 61 of the FAC, and therefore, denies them at this time.

62.

Defendant denies the allegations in paragraph 62 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 62, and therefore, denies them at this time.

63.

As for the allegations in paragraph 63 of the FAC, Defendant denies that Choga "frequently required" her to spend time alone with him.  She further denies that Choga "frequently required" that she have sexual relations with him.  Defendant denies that Choga "frequently acted in a harsh and abusive manner towards Defendant Sean Young."  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 63, and therefore, denies them at this time.

64.

As for the allegations in paragraph 64 of the FAC, Defendant denies that Choga designated her first child with the status of "tulku."  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 64, and therefore, denies them at this time.

65.

As for the allegations in paragraph 65 of the FAC, Defendant admits that she may have said that her unborn child had been blessed by a Lama whom she had visited in Canada but denies that she made such an announcement to the community.  Defendant further admits that her daughter has East Asian features.  Defendant denies that she worked to "quell rumors" in the

Page 11 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

community.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 65, and therefore, denies them at this time.

66.

As for the allegations in paragraph 66 of the FAC, Defendant admits that her baby was welcomed by the community.  Defendant denies the remaining allegations in paragraph 66.

67.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 67 of the FAC, and therefore, denies them at this time.

68.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 68 of the FAC, and therefore, denies them at this time.

69.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 69 of the FAC, and therefore, denies them at this time.

70.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 70 of the FAC, and therefore, denies them at this time.

71.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 71 of the FAC, and therefore, denies them at this time.

72.

Defendant denies the allegations in paragraph 72 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 72, and therefore, denies them at this time.

/ / /

/ / /

**Page 12 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

73.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 73 of the FAC, and therefore, denies them at this time.

74.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 74 of the FAC, and therefore, denies them at this time.

75.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 75 of the FAC, and therefore, denies them at this time.

76.

As for the allegations in paragraph 76 of the FAC, Defendant admits that on December 12, 2013, there was an event at the Retreat Center.  Defendant further admits that there were 9 people in attendance and that Defendant, Defendant Bateson, Defendant Jung and John Sullard were present.  Defendant denies that Defendant Sean Young was present.

77.

Defendant denies the first sentence of paragraph 77 of the FAC.  Defendant further denies that anyone was encouraged to drink heavily.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 77, and therefore, denies them at this time.

78.

Defendant denies the allegations in paragraph 78 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 78, and therefore, denies them at this time.

79.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 79 of the FAC, and therefore, denies them at this time.

**Page 13 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

80.

As for the allegations in paragraph 80 of the FAC, Defendant does not recall plaintiff
Montgomery coming to her and telling Defendant that she had woken up without her pants on
and had no knowledge of what happened to her.  Defendant lacks sufficient information to admit
or deny the remaining allegations in paragraph 80, and therefore, denies them at this time.

81.

As for the allegations in paragraph 81 of the FAC, Defendant denies that Montgomery
had not been sexually active in the months prior to December 2012.  Defendant lacks sufficient
information to admit or deny the remaining allegations in paragraph 81, and therefore, denies
them at this time.

82.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 82 of
the FAC, and therefore, denies them at this time.

83.

Defendant denies the allegations in paragraph 83 of the FAC as they relate to her.
Defendant lacks sufficient information to admit or deny the remaining allegations in
paragraph 83, and therefore, denies them at this time.

84.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 84 of
the FAC, and therefore, denies them at this time.

85.

Defendant denies the allegations in the first sentence of paragraph 85 of the FAC.  The
remaining allegations in paragraph 85 consist of legal conclusions which do not require an
answer from Defendant.

/ / /

/ / /

**Page 14 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

86.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 86 of the FAC, and therefore, denies them at this time.

87.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 87 of the FAC, and therefore, denies them at this time.

88.

As for the allegations in paragraph 88 of the FAC, Defendant admits that plaintiff Montgomery was accepted to work in the Peace Corp.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 88, and therefore, denies them at this time.

89.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 89 of the FAC, and therefore, denies them at this time.

90.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 90 of the FAC, and therefore, denies them at this time.

91.

Defendant denies the allegations in paragraph 91 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 91, and therefore, denies them at this time.

92.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 92 of the FAC, and therefore, denies them at this time.

/ / /

/ / /

/ / /

**Page 15 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

93.

As for the allegations in paragraph 93 of the FAC, Defendant does not recall the event referred to. Consequently, Defendant lacks sufficient information to admit or deny the allegations in paragraph 93, and therefore, denies them at this time.

94.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 94 of the FAC, and therefore, denies them at this time.

95.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 95 of the FAC, and therefore, denies them at this time.

96.

As for the allegations in paragraph 96 of the FAC, Defendant admits that she and plaintiff Chatfield went with Choga to a location within the Retreat Center grounds. Defendant denies that she experienced the events that are described in the second and third sentence of paragraph 96. Defendant lacks sufficient information to admit or deny the allegations in the last sentence of paragraph 96, and therefore, denies them at this time.

97.

Defendant denies the allegations in paragraph 97 of the FAC.

98.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 98 of the FAC, and therefore, denies them at this time.

99.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 99 of the FAC, and therefore, denies them at this time.

/ / /

/ / /

**Page 16 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

100.

As for the allegations in paragraph 100 of the FAC, Defendant admits that she joined plaintiff Chatfield and Choga on "some occasions" and that they would sometimes recite mantras.  Defendant denies that these occasions were ever called "empowerments."  She also denies ever witnessing plaintiff Chatfield ever being forced to do anything she did not want to do.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 100, and therefore, denies them at this time.

101.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 101 of the FAC, and therefore, denies them at this time.

102.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 102 of the FAC, and therefore, denies them at this time.

103.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 103 of the FAC, and therefore, denies them at this time.

104.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 104 of the FAC, and therefore, denies them at this time.

105.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 105 of the FAC, and therefore, denies them at this time.

106.

As for the allegations in paragraph 106 of the FAC, Defendant admits that in May 2015, people gathered together to celebrate plaintiff Chatfield's birthday and people paid tribute to

**Page 17 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

plaintiff Chatfield.  Defendant denies that anyone publicly humiliated plaintiff Chatfield or spoke in a derogatory way about her at this gathering.

107.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 107 of the FAC, and therefore, denies them at this time.

108.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 108 of the FAC, and therefore, denies them at this time.

109.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 109 of the FAC, and therefore, denies them at this time.

110.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 110 of the FAC, and therefore, denies them at this time.

111.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 111 of the FAC, and therefore, denies them at this time.

112.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 112 of the FAC, and therefore, denies them at this time.

113.

Defendant denies the allegations in paragraph 113 of the FAC as they relate to her. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 113, and therefore, denies them at this time.

/ / /

/ / /

**Page 18 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

114.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 114 of the FAC, and therefore, denies them at this time.

115.

As for the allegations in paragraph 115 of the FAC, Defendant admits that at some point, plaintiff Chatfield was offered the role of Internship Director.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 115, and therefore, denies them at this time.

116.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 116 of the FAC, and therefore, denies them at this time.

117.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 117 of the FAC, and therefore, denies them at this time.

118.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 118 of the FAC, and therefore, denies them at this time.

119.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 119 of the FAC, and therefore, denies them at this time.

120.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 120 of the FAC, and therefore, denies them at this time.

121.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 121 of the FAC, and therefore, denies them at this time.

**Page 19 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290

122.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 122 of the FAC, and therefore, denies them at this time.

123.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 123 of the FAC, and therefore, denies them at this time.

124.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 124 of the FAC, and therefore, denies them at this time.

125.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 125 of the FAC, and therefore, denies them at this time.

126.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 126 of the FAC, and therefore, denies them at this time.

127.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 127 of the FAC, and therefore, denies them at this time.

128.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 128 of the FAC, and therefore, denies them at this time.

129.

As for the allegations in paragraph 129 of the FAC, Defendant denies that plaintiff Montgomery lacked sufficient information in order to know that the alleged conduct was wrongful and had harmed her prior to January 2021.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 129, and therefore, denies them at this time.

**Page 20 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

130.

Defendant denies the allegations in paragraph 130 of the FAC.  To the extent the allegations in paragraph 130 imply that Defendant was aware of misconduct by spiritual leadership in other organizations prior to 2013, Defendant denies those allegations.

131.

As for the allegations in paragraph 131 of the FAC, Defendant admits that at some point plaintiff Montgomery made a report to the Lane County Sheriff's office.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 131, and therefore, denies them at this time.

132.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 132 of the FAC, and therefore, denies them at this time.

133.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 133 of the FAC, and therefore, denies them at this time.

134.

Defendant denies the first sentence of paragraph 134 of the FAC.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 134, and therefore, denies them at this time.

135.

Defendant denies the allegations in paragraph 135 of the FAC as they relate to her. Defendant denies that plaintiff Chatfield could not have discovered prior to May 2023 that the alleged conduct was wrongful and caused her harm.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 135, and therefore, denies them at this time.

136.

Defendant denies the allegations in paragraph 136 of the FAC.

**Page 21 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

137.

Defendant lacks sufficient information to admit or deny the allegations in paragraph 137 of the FAC, and therefore, denies them at this time.

138.

Defendant denies the allegations in paragraph 138 of the FAC.

139.

Defendant denies the allegations in paragraph 139 of the FAC.

140.

As for the allegations in paragraph 140 of the FAC, Defendant denies that she has acted tortiously and therefore denies that any of the injuries or damages plaintiff Montgomery claims to have sustained were caused by Defendant's actions.

141.

As for the allegations in paragraph 141 of the FAC, Defendant denies that she has acted tortiously and therefore denies that any of the injuries or damages plaintiff Chatfield claims to have sustained were caused by Defendant's actions.

142.

Defendant denies the allegations in paragraph 142 of the FAC.

143.

The allegations in paragraphs 143 through 147 of the FAC are not directed at Defendant, and therefore, no answer to these paragraphs is required from Defendant.

144.

Defendant admits and denies the allegations in paragraph 148 of the FAC as set forth above.

145.

Defendant denies the allegations in paragraph 149 of the FAC as they relate to her.

**Page 22 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

146.

Defendant denies the allegations in paragraph 150 of the FAC as they relate to her.

147.

The allegations in paragraphs 151 through 170 of the FAC are not directed at Defendant, and therefore, no answer to these paragraphs is required from Defendant.

148.

Defendant admits and denies the allegations in paragraph 171 of the FAC as set forth above.

149.

Defendant denies the allegations in paragraph 172 of the FAC as they relate to her.

150.

The allegations in paragraph 173 of the FAC are not directed at Defendant, and therefore, no answer to this paragraph is required from Defendant.

151.

Defendant denies the allegations in paragraph 174 of the FAC as they relate to her.

152.

Defendant denies the allegations in paragraph 175 of the FAC as they relate to her.

153.

Defendant denies the allegations in paragraph 176 of the FAC as they relate to her.

154.

Defendant denies the allegations in paragraph 177 of the FAC as they relate to her.

155.

The allegations in paragraphs 178 through 181 of the FAC are not directed at Defendant, and therefore, no answer to these paragraphs is required from Defendant.

/ / /

/ / /

**Page 23 – DEFENDANT SHANNON YOUNG'S
ANSWER TO FIRST AMENDED COMPLAINT**

156.

Defendant denies the allegations in paragraph 182 of the FAC as they relate to her.

157.

The allegations in paragraph 183 of the FAC are not directed at Defendant, and therefore, no answer to this paragraph is required from Defendant.

158.

Defendant denies the allegations in paragraph 184 of the FAC as they relate to her.

159.

Defendant denies the allegations in paragraph 185 of the FAC as they relate to her.

160.

The allegations in paragraphs 186 through 196 of the FAC are not directed at Defendant, and therefore, no answer to these paragraphs is required from Defendant.

161.

Except as expressly admitted herein, Defendant denies all other allegations of plaintiffs' FAC.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Statute of Limitations-Plaintiff Montgomery)

162.

Plaintiff Montgomery has failed to commence her action within the time allowed by statute.

### Second Affirmative Defense

### (Statute of Limitations-Plaintiff Chatfield)

163.

Plaintiff Chatfield has failed to commence her action within the time allowed by statute.

**Page 24 – DEFENDANT SHANNON YOUNG'S ANSWER TO FIRST AMENDED COMPLAINT**

**Third Affirmative Defense**

**(Failure to State a Claim)**

164.

Neither plaintiff has stated facts sufficient to state a claim against Defendant.

**Fourth Affirmative Defense**

**(Constitutional Rights)**

165.

Plaintiffs cannot sustain one or more of their causes of action against Defendant as they are based on conduct that is protected by the First Amendment of the United States Constitution and/or Article 1, section 1 of the Oregon Constitution.

**Fifth Affirmative Defense**

**(Fault of a Non-party)**

166.

Plaintiffs' injuries and damages, if any, were caused entirely by Choga whom they have not named as a party in the action.

**Sixth Affirmative Defense**

**(No Vicarious Liability)**

167.

Defendant is not vicariously liable for Choga's actions because he was neither her employee or agent at any time relevant to plaintiffs' claims.

DATED this 29th day of April, 2024.

KILMER VOORHEES & LAURICK, P.C.


*/s/ Lori K. DeDobbelaere*
Lori K. DeDobbelaere, OSB No. 940655
ldedobbelaere@kilmerlaw.com
Phone No.:    503-224-0055
Fax No.:    503-222-5290
Of Attorneys for Defendant Shannon Young

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
2701 NW VAUGHN STREET, SUITE 780
PORTLAND, OREGON 97210
(503) 224-0055 · FAX (503) 222-5290